UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN HARRIS ANECHIARICO,

                Plaintiff,

v.                                       6:15-CV-0163
                                        (GTS/WBC)
CAROLYN W. COLVIN
Acting Commissioner of Social Security,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF PETER M. HOBAICA<br>  Counsel for Plaintiff<br>2045 Genesee Street<br>Utica, NY 13501 | B. BROOKS BENSON, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | JOSHUA L. KERSHNER, ESQ. |

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by John Harris Anechiarico, against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are (1) the Report and Recommendation of United States Magistrate Judge William B. Mitchell Carter, recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, and (2) Plaintiff's objections to the Report and Recommendation. (Dkt. Nos. 23, 24.) For the reasons below, the Report and Recommendation is accepted and adopted in its entirety.

## I. PLAINTIFF'S OBJECTIONS

Generally, Plaintiff makes three arguments in objection to Magistrate Judge Carter's Report and Recommendation.

First, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that Dr. Hudyncia was not Plaintiff's treating physician and his opinion was not entitled to controlling weight. (Dkt. No. 24 at 1-7.) Within this argument, Plaintiff argues that (1) the ALJ and the Appeals Council did not address whether Dr. Hudyncia was Plaintiff's treating physician and, therefore, Magistrate Judge Carter improperly affirmed the decision on different grounds than those considered by the Commissioner; (2) Magistrate Judge Carter erred in stating that Dr. Hudyncia examined Plaintiff two times (on June 27, 2013, and July 25, 2013) because Dr. Hudyncia's statement of May 29, 2014, indicated that he may have examined Plaintiff three more times prior to rendering his opinion; (3) Magistrate Judge Carter did not identify Dr. Hudyncia's missing exam records that could show that he merited treating physician status; and (4) Magistrate Judge Carter did not consider the Appeals Council's errors in failing to discuss Dr. Hudyncia's opinion, state the weight afforded to the opinion, and explain why this new evidence did not justify remand.

Second, Plaintiff argues that the Court should reject Magistrate Judge Carter's findings that the ALJ's Listing determination and RFC determination were supported by substantial evidence. (*Id.* at 8-14.) More specifically, Plaintiff argues that Dr. Hudyncia's opinion indicated that Plaintiff had several limitations that would affect his ability to work and, therefore, this new evidence contradicted the ALJ's conclusion that Plaintiff was not disabled. (*Id.*) Plaintiff argues that the determinations of whether Dr. Hudyncia is a treating physician, and the proper weight to afford the opinion, should be made by the Commissioner rather than Magistrate Judge Carter.

Third, and finally, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that Plaintiff's hearing testimony did not support the mental limitations and listing-level impairments found by Dr. Hudyncia. (*Id.* at 14-15.) More specifically, Plaintiff argues that Magistrate Judge Carter did not provide an adequate discussion of Plaintiff's testimony and alleged limitations, and incorrectly found that Plaintiff's testimony did not support Dr. Hudyncia's opinion. (*Id.*)

## II. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord,* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 [N.D.N.Y. 2008]) (internal quotation marks omitted).

## III. ANALYSIS

The Court finds that Plaintiff's objections largely restate arguments presented in his initial brief. (*Compare* Dkt. No. 24 *with* Dkt. No. 14.) To the extent that Plaintiff's objections raise specific objections to Magistrate Judge Carter's findings, the Court reviews these portions of the

3

Report and Recommendation *de novo*. For the ease of analysis, Plaintiff's specific objections will be consolidated and addressed out of order below.

First, the Court notes that Magistrate Judge Carter's Report and Recommendation properly focused on the ALJ's decision, which was the final agency decision because the Appeals Council denied review of the matter. *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015). Second, Magistrate Judge Carter properly considered the new evidence submitted from Dr. Hudyncia and found that the highly restrictive limitations opined by Dr. Hudyncia were unsupported and inconsistent with other medical evidence of record, including Dr. Hudyncia's own treatment notes. (Dkt. No. 23. at 11-12). Accordingly, the Court agrees with Magistrate Judge Carter that, considering the entire record including the new evidence from Dr. Hudyncia, the ALJ's decision was supported by substantial evidence regardless of whether Dr. Hudyncia's opinion is deemed an examining source opinion or a treating source opinion. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Halloran v. Barnhart*, 362 F.3d 28, 31-33 (2d Cir. 2004); *Brogan-Dawley v. Astrue*, 484 F. App'x 632, 633-35 (2d Cir. 2012). Therefore, even if Magistrate Judge Carter erred in stating that Dr. Hudyncia examined Plaintiff two times, it would be harmless under the circumstances. Finally, the Court finds that Magistrate Judge Carter properly considered Plaintiff's testimony and alleged limitations.

The Court finds that the balance of Plaintiff's objections merely reiterate arguments presented in his initial brief. (*Compare* Dkt. No. 24 *with* Dkt. No. 14.) Therefore, the Court reviews the balance of Magistrate Judge Carter's Report and Recommendation for clear error only. After carefully reviewing the relevant filings in this action, including Magistrate Judge Carter's thorough Report and Recommendation, the Court can find no clear error in the Report and Recommendation. (Dkt. No. 23.) Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*)

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 23) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: August 18, 2016
Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge